UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-682-KS                                             Date: May 17, 2022

Title   *Orlando Garcia v. Laura Lee Zuber*

Present: The Honorable:   Karen L. Stevenson, United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:  N/A          Attorneys Present for Defendant:  N/A

**Proceedings:  (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On December 1, 2021, the Court held a telephonic scheduling conference with the parties. (Dkt. No. 40.)  The Court issued a Minute Order ("December 1, 2021 Order") adopting the parties' proposed Joint Rule 26(f) Scheduling Report with modifications and setting May 18, 2022 as a hearing date for any Motion to Add Parties and/or Amend Pleadings.  (*Id.*)  Plaintiff has not filed a Motion to Add Parties or Amend Pleadings.  **Accordingly, the Court VACATES the May 18, 2022 hearing.**

The Court's December 1, 2021 Order also stayed all proceedings for 120 days and set dates for a joint site inspection, settlement meeting, and mediator selection.  (*Id.* at 2.)  Specifically, the Court ordered the parties to conduct a joint site inspection no later than January 30, 2022, engage in a settlement meeting within 35 days from the joint site inspection, and select a court mediator within 45 days after the joint site inspection or settlement meeting, whichever occurred first.  (*Id.*)  The Court further ordered the parties to file a request for a Case Management Conference if the case did not resolve within 7 days of the mediator filing a Certification of ADR Session indicating that the mediation process concluded.  (*Id.*)  More than 45 days have passed since the parties' deadlines to conduct a joint site inspection and engage in a settlement meeting.  The parties have not filed any document regarding the selection of a court mediator.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order."  FED. R. CIV. P. 41(b).  Accordingly, the Court could properly dismiss this action for Plaintiff's failure to comply with the Court's December 1, 2021 Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 21-682-KS                                           Date: May 17, 2022

Title       *Orlando Garcia v. Laura Lee Zuber*

      However, in the interests of justice, the Court schedules a status conference for **Tuesday, June 7, 2022 at 1:00 p.m. via Zoom**. Lead counsel for all parties must be present. The Deputy Clerk will provide the parties with the log-in information.

      Additionally, Plaintiff is **ORDERED TO SHOW CAUSE on or before Tuesday, May 31, 2022**, why this action should not be dismissed for failure to comply with court orders. **Plaintiff may discharge this Order by filing:**

(1) A notice of voluntary dismissal;

(2) A Stipulation Regarding Selection of Panel Mediator; or

(3) A signed statement under the penalty of perjury discussing why the parties have not complied with the Court's December 1, 2021 Order.

      **Plaintiff's failure to timely comply with this Order will result in the dismissal of this action.**

      **IT IS SO ORDERED.**

                                                                               **Initials of Preparer**   gr